UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWARD JAMES CROMER,

        Plaintiff,

        Case No. 1:19-cv-150

v.

        Honorable Gordon J. Quist

MICHELLE M. STEPHAN et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Cromer v. Masker*, No. 2:13-cv-15 (W.D. Mich. Apr. 9, 2013); *Cromer v. United States of America*, No. 2:16-cv-94 (W.D. Mich. June 29,

2

2016); *Cromer v. Place*, No. 2:16-cv-108 (W.D. Mich. Sept. 30, 2016); *Cromer v. Snyder*, No. 1:17-cv-94 (W.D. Mich. Mar. 27, 2017). Additionally, Plaintiff has been denied leave to proceed *in forma pauperis* because he has filed at least three such frivolous, malicious, or insufficient complaints. *See Smith v. Washington*, No. 1:17-cv-285 (W.D. Mich. Apr. 6, 2017); *Cromer v. Snyder*, No. 1:17-cv-94 (W.D. Mich. Feb. 16, 2017).

Plaintiff is aware of his three strikes and the "imminent danger" exception that might permit him to proceed *in forma pauperis* despite those strikes. Plaintiff titles his complaint "IMMINENT DANGER," mentions imminent danger in his preface, and expressly alleges that his "'imminent danger' lawsuit bypass[es] the burden of the 3 strike rule." (Compl., ECF No. 1, PageID.1, 3.) Merely parroting the words "imminent danger," however, does not satisfy the rule.

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

3

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff's allegations of imminent danger flow from an incident in May of 2018 when Defendant Depky groped Plaintiff's private parts during a pat-down. (Compl., ECF No. 1, PageID.1.) Plaintiff filed a Prison Rape Elimination Act Grievance in response. The investigation resulted in two Class II misconduct charges against Plaintiff: Insolence and Interference with Administrative Rules. Plaintiff was found guilty of both. Plaintiff lost his job. Moreover, because of the misconducts, according to the classification directors, Plaintiff was not eligible for indigent status.

Plaintiff could not otherwise afford hygiene items like soap or denture adhesive nor could he obtain stamps to write home. Plaintiff claims that because he could not write to family members and because of his poor hygiene, his mental condition began to deteriorate. To fix the problem, Plaintiff made "spud juice (prison wine)" to sell. Plaintiff also borrowed hygiene items from another prisoner and, ultimately, ended up in a fight with that prisoner regarding the items. The "spud juice" and the fight also resulted in misconduct charges.

Plaintiff claims that the lack of hygiene items and over the counter medications have caused him dementia, deteriorating mental health, sore gums, headaches, dry skin, and rashes. He sues Corrections Officer Debky for the assaultive pat-down that started the cascade of events. He sues Warden Rewert for the misconducts that cost Plaintiff his job and for the policies that deprive him of indigent status and hygiene items. He sues MDOC Director Heidi Washington,

4

Psychologist Michelle M. Stephan, and Classification Directors J. Blum and J. Burns for creating and enforcing those policies to his detriment. Plaintiff seeks damages as well as declaratory and injunctive relief.

Although Plaintiff plainly alleges imminent harms, he has not alleged an imminent danger of serious physical injury. Rashes, sore gums, dry skin, and headaches resulting from a lack of hygiene items are simply not enough. Several courts have rejected claims that deprivation of hygiene items results in an imminent danger of serious physical injury. *See, e.g., Polanco v. Hopkins*, No. 03-CV-6661, 2007 WL 914023 (W.D.N.Y. Mar. 23, 2007); *State Treasurer v. Garrison*, No. 2:08-cv-13018, 2008 WL 2831241 (E.D. Mich. July 21, 2008); *Renoir v. Brown*, No. 7:07cv00166, 2007 WL 1052477 (W.D. Va. Apr. 5, 2007); *McSwain v. Suliene*, No. 09-cv-649, 2010 WL 148185 (W.D. Wis. Jan. 11, 2010); *Tavorn v. Sloane*, No. 5:12-cv-253, 2012 WL 5364230 (N.D. Fla. Oct. 1, 2012); *D'Allessandro v. Biluck*, No. 07-2635, 2007 WL 1751742 (D. N.J. June 14, 2007); *Fontroy v. Owens*, No. 12-4679, 2012 WL 4473216 (E.D. Pa. Sept. 28, 2012); *Irby v. Skagit Cty.*, No. C18-1334, 2018 WL 6517561 (W.D. Wash. Nov. 9, 2018); *Bennett v. Scott*, No. 3:15-cv-00729, 2015 WL 4392931 (M.D. Tenn. July 15, 2015); *Moore v. Shift*, No. CV 17-08137, 2017 WL 6884300 (D. Ariz. Sept. 12, 2017).

Because Plaintiff has failed to allege any credible imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing

fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.

Dated: March 11, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**